UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

MYRON J. KILMARTIN,

                                    Plaintiff,

       v.                                            No. 12-CV-1167
                                                                  (FJS/CFH)

SCHAFFER, Investigator,

                                    Defendant.[1]

---

**APPEARANCES:**                                     **OF COUNSEL:**

MYRON J. KILMARTIN
Plaintiff Pro Se
07-B-0052
Wende Correctional Facility
Post Office Box 1187
Alden, New York 14004


Office of Theresa J. Puleo                        MURRY S. BROWER, ESQ.
Post Office Box 12699
Albany, New York 12212
Attorneys for Defendants

**CHRISTIAN F. HUMMEL
U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER[2]

    Plaintiff <u>pro</u> <u>se</u> Myron J. Kilmartin ("Kilmartin"), a former inmate[3] in the custody of the

---

    [1] By Memorandum-Decision and Order dated September 10, 2012, defendant Shang was dismissed without prejudice from this action. Dkt. No. 7.

    [2] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

    [3] In his complaint, Kilmartin stated that he was to be released from DOCCS's custody in September, 2013. Dkt. No. 1-1 at 1. A search of DOCCS's online inmate

New York State Department of Correctional and Community Supervision ("DOCCS"), brings this action pursuant to 42 U.S.C. § 1983 alleging that defendant Schaffer violated his constitutional rights under the Fourth and Fourteenth Amendments.[4]  Compl. (Dkt. No. 1-1).[5]  Presently pending is Schaffer's motion for summary judgment pursuant to Fed. R. Civ. P. 56.  Dkt. No. 18.  Kilmartin does not oppose the motion.  For the following reasons, it is recommended that Schaffer's motion for summary judgment be denied.

## I. Failure to Respond

Kilmartin did not oppose Schaffer's motion even though the Court notified him of his response deadline.  Dkt. No. 19.  "Summary judgment should not be entered by default against a pro se plaintiff who has not been given any notice that failure to respond will be deemed a default."  Champion v. Artuz, 76 F.3d 483, 486 (2d Cir. 1996).  Schaffer provided notice in his motion papers as required by the Second Circuit.  Id.; Dkt. No. 18 at 119.  The deadline for Kilmartin to respond to Schaffer's motion terminated on July 9, 2013.  Dkt. No. 19.  On July 17, 2013, the Court sua sponte granted Kilmartin an extension of August 7, 2013 to file a response in opposition.  Dkt. No. 21.  Despite these notices and extension, Kilmartin failed to respond.

---

information database shows that Kilmartin was parole released on September 13, 2013.  See DOCCS, INMATE POPULATION INFORMATION SEARCH, http://nysdoccslookup.doccs.ny.gov/GCA00P00/WIQ1/WINQ000 (lasted visited Oct. 7, 2013).

[4]  By Memorandum-Decision and Order dated September 10, 2012, pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court dismissed all of Kilmartin's claims except for claims against defendant Schaffer in connection with Kilmartin's arrest.  Dkt. No. 7.

[5]  Kilmartin's allegations are contained in exhibits attached to his complaint.  Dkt. No. 1-1.

2

"The fact that there has been no response to a summary judgment motion does not . . . mean that the motion is to be granted automatically." Champion, 76 F.3d at 486. Even in the absence of a response, defendants are entitled to judgment only if the material facts demonstrate their entitlement to judgment as a matter of law. Id.; FED. R. CIV. P. 56(c). "A verified complaint is to be treated as an affidavit . . . and therefore will be considered in determining whether material issues of fact exist . . . ." Colon v. Coughlin, 58 F.3d 865, 872 (2d Cir. 1995) (citations omitted); see also Patterson v. Cnty. of Oneida, 375 F.3d 206, 219 (2d Cir. 2004) (same). The facts set forth in Schaffer's Rule 7.1 Statement of Material Facts (Dkt. No. 18 at 120–23) [hereinafter "Def.'s Statement"] are accepted as true as to those facts that are not disputed in Kilmartin's complaint. N.D.N.Y.L.R. 7.1(a)(3) ("The Court shall deem admitted any properly supported facts set forth in the Statement of Facts that the opposing party does not specifically controvert.") (emphasis in original).

## II. Background

On September 13, 2011,[6] Kilmartin, a convicted sex offender, was arrested for failure to register his new address as required by his parole release conditions. Def.'s Statement ¶ 1; Schaffer Aff. (Dkt. No. 18 at 32–35) ¶¶ 4–5; J. Kilmartin Aff. (Dkt. No. 18 at 37–39) ¶¶ 1–3; Dkt. No. 18 at 50–54. Kilmartin alleged that as defendant Investigator Schaffer was handcuffing him from behind, Schaffer ordered Kilmartin to spread his legs then kicked him in the groin. Compl. at 1-1 at 1; Interrog. (Dkt. No. 18 at 25–20) at 28.

---

[6] Although in his response to Schaffer's written interrogatories Kilmartin referred to the date of the incident as September 30, 2012 and not September 30, 2011, the Court considers this discrepancy as a mere mistake on Kilmartin's part. See Interrog. at 28–30.

3

Schaffer and non-party Investigator J. Kilmartin attested that Kilmartin was cooperative and no use of force was necessary to effectuate the arrest. Def.'s Statement ¶ 2; Schaffer Aff. ¶ 5; J. Kilmartin Aff. ¶¶ 4–5. J. Kilmartin attested that he did not assist in hand-cuffing Kilmartin because Kilmartin did not resist. J. Kilmartin Aff. ¶ 5. Following the arrest, Schaffer and J. Kilmartin transported Kilmartin to the Montgomery County Sheriff's Office and then to the Village of Fultonville Court for arraignment.[7] Schaffer Aff. ¶ 7; J. Kilmartin Aff. ¶ 8. Kilmartin alleged that when they arrived at the courthouse, he got out of the car, stood near the car door, and Schaffer proceeded to punch him in the mouth, knocking out three front-bottom teeth. Compl. at 1; Interrog. at 28. Kilmartin then sought medical attention from Schaffer but was denied. Compl. at 1; Interrog. at 29.

Schaffer maintains that when Kilmartin was processed at Montgomery County Correctional Facility ("Montgomery") following the arrest, Kilmartin did not report or complain about any injury or pain with respect to his groin or face. Def.'s Statement ¶ 4; Schaffer Aff. ¶ 11; J. Kilmartin ¶ 10. Medical records dating between September 13, 2011 and June 2012 show that Kilmartin had complained of having heartburns, dry skin, high blood pressure, and lower-back pain.[8] Dkt. No. 20 at 9, 49, 51, 53, 53, 57; Franko Aff. (Dkt. No. 18 at 41–42) ¶ 10. None of Kilmartin's complaints involved his groin or teeth or the use of force in effectuating his arrest. See Dkt. No. 20; Schaffer Aff. ¶¶ 12–13.

---

[7] In response to a written interrogatory, Kilmartin answered that all the alleged assaults against Schaffer occurred prior to trial. Interrog. at 26, 30.

[8] Additional documents indicate that Kilmartin did not complain of physical pain shortly after the incidents of assault. For example, a progress note dated September 13, 2011, although the source is unspecified, indicates that Kilmartin was dizzy but denied any complaints of pain or numbness in his extremities. Dkt. No. 20 at 5. An admission health assessment note dated September 14, 2011, authored at Montgomery, indicates that Kilmartin denied any distress or pain at that time. Id. at 10.

4

Before September 13, 2011, Kilmartin was housed at Montgomery some time between 1996 and 1997, in 2006, and some time between 2011 and 2012. Franko Aff. ¶¶ 6–7. Non-party Franko, Montgomery's jail administrator, attested that he was never made aware of, nor does Kilmartin's prison medical records suggest, that Kilmartin had complained about being assaulted by Schaffer or requested treatment for teeth loss or groin pain. Id. ¶¶ 8–10. Kilmartin states he did not see medical personnel on September 13, 2011. Interrog. at 29. He did not inform any dentist of his teeth injuries until he arrived at Elmira Correctional Facility on or about July 20, 2012. Id. at 29; Def.'s Statement ¶ 6. Kilmartin had complained of groin pain to staff at Wyoming Correctional Facility on an unspecified date. Interrog. at 26, 30. Kilmartin explained that he did not inform anyone that he was kicked and punched until at a later time out of fear of retaliation. Id. Kilmartin still experiences pain in his mouth and groin area. Id.

Schaffer has a different factual account of the case. Schaffer never punched Kilmartin's face or kicked Kilmartin in the groin. Def.'s Statement ¶ 3; Schaffer Aff. ¶¶ 5–6, 8–9. Schaffer attested that force was not necessary to place Kilmartin in the back fo the patrol car. Schaffer Aff. ¶ 5. Schaffer further attested that he never refused Kilmartin medical attention as Kilmartin never requested medical attention from him. Id. ¶ 10. Additionally, J. Kilmartin attested that he never witnessed Schaffer kicking or punching Kilmartin at any time,[9] Kilmartin never complained about groin or teeth pain or sought medical attention from him, and he was unaware of Kilmartin requesting medical attention from Schaffer. Def.'s Statement ¶ 8; J. Kilmartin Aff. ¶¶ 6–7, 10–11.

---

[9] Kilmartin also stated that no witness saw Schaffer punching his mouth or kicking his groin. Interrog. at 26, 29–30.

### III. Discussion

Kilmartin contends that Schaffer assaulted him and refused to provide him with medical treatment after his arrest on September 13, 2011. Schaffer argues that Kilmartin's complaint should be dismissed because Kilmartin's claims are conclusory and meritless.[10]

### A. Legal Standard

A motion for summary judgment may be granted if there is no genuine issue as to any material fact if supported by affidavits or other suitable evidence and the moving party is entitled to judgment as a matter of law. The moving party has the burden to show the absence of disputed material facts by informing the court of portions of pleadings, depositions, and affidavits which support the motion. FED. R. CIV. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Facts are material if they may affect the outcome of the case as determined by substantive law. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). All ambiguities are resolved and all reasonable inferences are drawn in favor of the non-moving party. Skubel v. Fuoroli, 113 F.3d 330, 334 (2d Cir. 1997).

The party opposing the motion must set forth facts showing that there is a genuine issue for trial. The non-moving party must do more than merely show that there is some doubt or speculation as to the true nature of the facts. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). It must be apparent that no rational finder of fact could find in favor of the non-moving party for a court to grant a motion for summary judgment. Gallo v. Prudential Residential Servs., 22 F.3d 1219, 1223–24 (2d Cir. 1994); Graham v.

---

[10] Schaffer reserves the right to invoke the defense of qualified immunity at a later time for the Fourth Amendment claim. Schaffer Mem. of Law (Dkt. No. 18) at 117.

6

Lewinski, 848 F.2d 342, 344 (2d Cir. 1988).

When, as here, a party seeks judgment against a pro se litigant, a court must afford the non-movant special solicitude. See Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006). As the Second Circuit has stated,

> [t]here are many cases in which we have said that a pro se litigant is entitled to "special solicitude," . . . that a pro se litigant's submissions must be construed "liberally,". . . and that such submissions must be read to raise the strongest arguments that they "suggest," . . . . At the same time, our cases have also indicated that we cannot read into pro se submissions claims that are not "consistent" with the pro se litigant's allegations, . . . or arguments that the submissions themselves do not "suggest," . . . that we should not "excuse frivolous or vexatious filings by pro se litigants," . . . and that pro se status "does not exempt a party from compliance with relevant rules of procedural and substantive law . . . ."

Id. (citations and footnote omitted); see also Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191–92 (2d Cir. 2008) ("On occasions too numerous to count, we have reminded district courts that 'when [a] plaintiff proceeds pro se, . . . a court is obliged to construe his pleadings liberally.'" (citations omitted)). However, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion; the requirement is that there be no genuine issue of material fact. Anderson, 477 U.S. at 247–48.

### B. Fourth Amendment

The Fourth Amendment prohibits a law enforcement officer from using excessive force during the course of effecting an arrest. Tracy v. Freshwater, 623 F.3d 90, 96 (2d Cir. 2010) (citing Graham v. Connor, 490 U.S. 386, 395 (1989)). However, in making an arrest,

7

a law enforcement officer "necessarily carries . . . the right to use some degree of physical coercion or threat thereof to effect it." Graham, 490 U.S. at 396 (citing Terry v. Ohio, 392 U.S. 1, 22–27 (1968)). In determining whether an officer used excessive force in executing an arrest, the Court examines whether the force used is objectively unreasonable "in light of the facts and circumstances confronting [the officer], without regard to the officer['s] underlying intent or motivation." Jones v. Parmley, 465 F.3d 46, 61 (2d Cir. 2006) (quoting Graham, 490 U.S. at 397). This inquiry "requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." Graham, 490 U.S. at 396 (internal quotation marks and citations omitted).

To measure reasonableness, the Court "consider[s] the facts and circumstances of each particular case, including the crime committed, its severity, the threat of danger to the officer and society, and whether the suspect is resisting or attempting to evade arrest." Jones, 465 F.3d at 61 (quoting Thomas v. Roach, 165 F.3d 137, 143 (2d Cir. 1999)). Reasonableness is judged "from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." Id. (quoting Graham, 490 U.S. at 396) (internal quotation marks omitted).

Here, Kilmartin alleged that without provocation, Schaffer had kicked him in the groin while effecting his arrest and punched him in the mouth during transport to the courthouse. Kilmartin was arrested for failing to register his address as a convicted sex offender, the nature of which does not involve any use or threat of violence. Jones, 465 F.2d at 61. Schaffer does not contend that Kilmartin had resisted arrest; rather, he attested that force was not necessary to place Kilmartin in the patrol car. Id. Schaffer also does not attest that

8

Kilmartin committed any acts during the arrest, booking, and transport that a juror could reasonably conclude had posed a threat to Schaffer or J. Kilmartin. Id. Assuming Kilmartin's allegations are true, Schaffer's conduct was disproportionate to what was necessary in effecting the arrest and transport. Even though Schaffer repeatedly denied using force in the manner described by Kilmartin, the determination of whether the misconduct occurred is an issue of fact reserved for a jury. For purposes of this motion, the governing law that the evidence must be viewed in the light most favorable to the non-moving party directs the Court to credit Kilmartin's account of the events. See In re Dana Corp., 574 F.3d 128, 152 (2d Cir. 2009) (holding that a court faced with a motion for summary judgment must draw all reasonable inferences in favor of the non-moving party and may not make credibility determinations or weigh the evidence, functions which are reserved to a jury and not a judge) (citing cases).

Furthermore, the force allegedly used against Kilmartin cannot be characterized as de minimis. Griffin v. Crippen, 193 F.3d 89, 91–92 (2d Cir. 1999) ("de minimis uses of force generally do not suffice to state a constitutional claim"); Romano v. Howarth, 998 F.2d 101, 105 (2d Cir. 1993) (same). Being kicked in the groin without provocation is not, as a matter of law, a de minimis use of force for purposes of a Fourth Amendment excessive force claim. Cf. Hayes v. Cnty. of Sullivan, 853 F. Supp. 2d 400, 431–32 (S.D.N.Y. 2012) (concluding that a hit in the chest without provocation is not de minimis); Hodge v. Vill. of Southampton, 838 F. Supp. 2d 67, 77–79 (E.D.N.Y. 2012) (denying summary judgment where plaintiff alleged defendant slammed the car door onto plaintiff's leg). In addition, the loss of a tooth is not a de minimis injury. Brown v. City of Oakland, No. C03-1141 TEH, 2006 WL 1760747, at *6–8 (N.D. Cal. June 27, 2006) (considering the gravity of the alleged

9

injury, in that case a tooth loss, "to determine whether the use of force was reasonable <u>only insofar</u> as it is indicative of the amount of force that was applied").[11] Moreover, while Kilmartin maintains that he still experiences pain but does not go into the specifics of his injuries, he does not need to show "permanent or severe" injuries to maintain this claim. <u>Robison v. Via</u>, 821 F.2d 913, 924 (2d Cir. 1987). The Second Circuit has held that even minor injuries such as scrapes, bumps, and bruises sustained during an arrest can support a Fourth Amendment excessive force claim. <u>Maxwell v. City of New York</u>, 380 F.3d 106, 109 (2d Cir. 2004).

Schaffer cites <u>Jeffreys v. City of New York</u>, 426 F.3d 549, 554 (2d Cir. 2005) as authority for granting a motion for summary judgment where the plaintiff relies solely on his own contradictory and incomplete testimony. Schaffer Mem. of Law at 116. <u>Jeffreys</u> involved a plaintiff alleging that police officers threw him out of a third-story window even though shortly after the incident the plaintiff had repeatedly stated that he had jumped out the window himself. <u>Jeffreys</u>, 426 F.3d at 551–52. "To qualify for application of the <u>Jeffreys</u> exception, a defendant must meet each of the following three requirements: 1) the plaintiff must rely 'almost exclusively on his own testimony'; 2) the plaintiff's testimony must be 'contradictory or incomplete'; and 3) the plaintiff's testimony must be contradicted by evidence produced by the defense." <u>Caldwell v. Gettmann</u>, No. 09-CV-580 (DNH)(DEP), 2012 WL 1119869, at *6 (N.D.N.Y.) <u>report and recommendation adopted</u>, No. 09-CV-580, 2012 WL 1119771 (N.D.N.Y. Apr. 3, 2012) (citing <u>Benitez v. Ham</u>, No. 04-CV-1159, 2009 WL 3486379, at *20–21 (N.D.N.Y. Oct. 21, 2009) (citing and quoting <u>Jeffreys</u>)).

---

[11] All unpublished opinions cited to by the Court in this Report-Recommendation are, unless otherwise noted, attached to this Recommendation.

Here, the Jeffreys exception does not apply.  The first factor lends favor to Schaffer because Kilmartin's evidence consists solely of his own allegations.  However, Kilmartin's allegations are not riddled with inconsistencies such that no reasonable juror could believe Kilmartin.  Moore v. Casselberry, 584 F. Supp. 2d 580, 585 (W.D.N.Y. 2008) ("[J]ust because the plaintiff's claim is based solely upon his own contradictory and incomplete testimony, that does not automatically entitle the defendants to summary judgment.  The evidence must be such that no reasonable juror could believe it.").  In Kilmartin's complaint and answers to Schaffer's interrogatories, Kilmartin contends that Schaffer had kicked him in the groin and punched him, knocking out his teeth.  Schaffer denies such allegations and point to how Kilmartin did not proffer any evidence of the injuries other than his own allegations.  However, Kilmartin offered an explanation of why he failed to notify medical personnel of his injuries as soon as possible, which is that he feared retaliation for doing so.  Despite the lack of medical evidence corroborating Kilmartin's allegations, neither do the medical records submitted by Schaffer support the contention that Kilmartin did not sustain said injuries or that the assaults did not occur.  Such determinations of material facts are better left for a jury to decide.  See, e.g., Brown, 2006 WL 1760747, at *8 (denying summary judgment motion on a Fourth Amendment excessive claim involving a lost tooth and reserving factual issues for the jury where plaintiff relied solely on his own testimony and his medical records do not indicate injuries related to his teeth or a lost tooth).

Therefore, viewing the facts in the light most favorable to the plaintiff, Kilmartin has established sufficient evidence to raise genuine issues of material fact as to the Fourth Amendment excessive force claim.  Accordingly, defendants' motion on this ground should be denied.

### C. Fourteenth Amendment

As previously stated, Kilmartin was a pretrial detainee when he contends he did not receive appropriate medical treatment. Such claims must be analyzed under the Fourteenth Amendment's Due Process Clause. The Due Process Clause provides that "a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law." Bell v. Wolfish, 441 U.S. 520, 535–36 (1979) (citations omitted). However, the standards when evaluating deliberate indifference to a person in custody are identical whether under the Eighth or Fourteenth Amendment. Caiozzo v. Koreman, 581 F.3d 63, 72 (2d Cir. 2009) ("Claims should be analyzed under the same standard irrespective of whether they are brought under the Eighth or Fourteenth Amendment."); see also Shane v. Winnebego Cnty. Dep't of Soc. Servs., 489 U.S. 189, 199–200 (1989) ("[W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being . . . [including] food, clothing, shelter, medical care, and reasonable safety . . . .") (citations omitted). Accordingly, cases analyzed under the Eighth Amendment provide guidance in analyzing cases, as here, considered under the Fourteenth Amendment. Therefore, Kilmartin's medical indifference claim will be considered under Eighth Amendment standards.

The Eighth Amendment expressly prohibits the infliction of "cruel and unusual punishment." U.S. CONST. amend. VIII. This prohibition extends to the provision of medical care. Shane, 489 U.S. at 199–200. The test for a § 1983 claim is twofold. First, the prisoner must show that the condition to which he was exposed was sufficiently serious. Farmer, 511 U.S. at 834. Second, the prisoner must show that the prison official

12

demonstrated deliberate indifference by knowing of the risk and failing to take measures to avoid the harm. Id. "[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." Id. at 844.

"'Because society does not expect that prisoners will have unqualified access to healthcare,' a prisoner must first make [a] threshold showing of serious illness or injury" to state a cognizable claim. Smith v. Carpenter, 316 F.3d 178, 184 (2d Cir. 2003) (quoting Hudson v. McMillian, 503 U.S. 1,9 (1992)). Because there is no distinct litmus test, a serious medical condition is determined by factors such as "(1) whether a reasonable doctor or patient would perceive the medical need in question as 'important and worthy of comment or treatment,' (2) whether the medical condition significantly affects daily activities, and (3) the existence of chronic and substantial pain." Brock v. Wright, 315 F.3d 158, 162–63 (2d Cir. 2003) (citing Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir. 1998)). The severity of the denial of care should also be judged within the context of the surrounding facts and circumstances of the case. Smith, 316 F.3d at 185.

Deliberate indifference requires the prisoner "to prove that the prison official knew of and disregarded the prisoner's serious medical needs." Chance, 143 F.3d at 702. Thus, prison officials must be "intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." Estelle v. Gamble, 429 U.S. 97, 104 (1976). "Mere disagreement over proper treatment does not create a constitutional claim" as long as the treatment was adequate. Chance, 143 F.3d at 703. Thus, "disagreements over medications, diagnostic techniques (e.g., the need for X-rays), forms of treatment, or the need for specialists . . . are not adequate grounds for a section 1983 claim." Sonds v. St.

13

Barnabas Hosp. Corr. Health Servs., 151 F. Supp. 2d 303, 312 (S.D.N.Y. 2001).

Kilmartin claims that Schaffer deliberately denied him medical care after he was punched in the mouth and requested medical treatment. Schaffer argues that the lack of medical evidence to substantiate Kilmartin's medical indifference claim against him renders the claim meritless. Turning first to the objective prong, the loss of a tooth may constitute a sufficiently serious medical condition. See Harrison v. Barkley, 219 F.2d 132, 137 (2d Cir. 2000) (refusing treatment of a degenerative condition causing tooth loss constitutes a sufficiently serious condition). In this case, Kilmartin contends he lost three teeth, specifically, teeth in the front-bottom of his mouth. Such is a sufficiently serious medical condition for purposes of the objective prong of the Eighth Amendment analysis. Farmer, 511 U.S. at 834. Further, as previously discussed, issues of material fact surrounds whether Kilmartin in fact sustained such injuries. As for the subjective prong, Kilmartin contends that despite his plea for medical treatment to Schaffer, Schaffer denied his request. Schaffer contends that Kilmartin never alerted him that he required medical attention. If Kilmartin's version of the events is true, then Schaffer had intentionally denied or delayed Kilmartin access to medical care. Estelle, 429 U.S. at 104. This competing evidence again requires a credibility determination that is better left with the jury. In re Dana Corp., 574 F.3d at 152.

Accordingly, Schaffer's motion on this ground should be denied.

## IV. Conclusion

For the reasons stated above, it is hereby **RECOMMENDED** that Schaffer's motion for summary judgment (Dkt. No. 18) be **DENIED**.

14

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court "within fourteen (14) days after being served with a copy of the . . . recommendation." N.Y.N.D.L.R. 72.1(c) (citing 28 U.S.C. § 636(b)(1)(B)-(C)). **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(e).

Dated: October 9, 2013
       Albany, New York

*/s/ Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge